IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTHUR BARBER,

    Petitioner,

v.

RICHARD B. IVES,
Warden FCI Sheridan,

    Respondent.

Civil No. 3:17-cv-01975-BR

OPINION AND ORDER

ROBERT W. RAINWATER
1430 Willamette Street
Suite 492
Eugene, OR  97401

    Attorney for Petitioner

BILLY J. WILLIAMS
United States Attorney
NATALIE K. WIGHT
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97204

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1).

## **BACKGROUND**

Petitioner is currently serving an 18-month term of imprisonment for a supervised release violation in *United States v. Barber*, Case No. 3:03-cr-00128-BR (D. Ore.). Petitioner entered custody of the Bureau of Prisons ("BOP") on August 3, 2017, and his projected release date is November 18, 2018.

On September 14, 2017, Petitioner submitted a request to the BOP to file a motion with this Court to reduce his sentence based upon his medical condition. Petitioner's request stated he has stage-4 liver cirrhosis and that he was told by a treating physician that he has 18-24 months to live, as of May 2017. On November 21, 2017, Respondent denied Petitioner's request, stating:

> Your request has been reviewed for consideration under 28 U.S.C. § 4205(g) or 3582(c)(1)(A). Upon investigation of the request it has been determined that the request warrants **denial** at this level and the matter shall not be referred for consideration to the Office of General Counsel. A thorough review of your request finds you have not provided adequate documentation to support consideration at this time.
>
> Based upon the Medical Review/Summary conducted by Health Services, you do not meet the criteria.

(Emphasis in original).

2 - OPINION AND ORDER -

On December 5, 2017, Petitioner filed a Motion to Reduce Sentence by Writ of Habeas Corpus ([28] U.S.C. § 2241) in his criminal case. Petitioner withdrew that motion, and on December 14, 2017, filed his Petition for Writ of Habeas Corpus Pursuant ([28] U.S.C. § 2241) in this case. In his Petition, he alleges one claim for relief:

**Abuse of discretion by the Bureau of Prisons**

> The actions of the Bureau of Prisons constituted an abuse of its discretion as Mr. Barber submitted all the documentation for his request, further the Bureau of Prison's abused its discretion by failing to provide an adequate explanation of reason for its denial, therefore, denying Mr. Barber his right to provide additional documentation, because it does not specify which documents were not provided, and denying him a review of that decision because of a lack of fully stating the grounds for denial of his compassionate release request.

By way of remedy, the Petition asks the Court either to order the BOP to grant Petitioner's request for compassionate release or, in the alternative, to order the BOP to reconsider his request and state detailed reasoning for its decision on that request. In response, Respondent argues Petitioner failed to exhaust his administrative remedies, that the BOP's denial of Petitioner's request is not subject to review, and that Petitioner does not have a liberty interest in compassionate release.

In his reply, Petitioner argues exhaustion of administrative remedies would be futile and would result in irreparable harm. Petitioner also presents additional arguments that the BOP's actions violate the separation of powers and the Eighth Amendment.

3 - OPINION AND ORDER -

Petitioner further asks the Court to order the BOP to release him forthwith or in the alternative "respond with reasons why he [does not] meet the release criteria and immediately begin the process of providing him a liver transplant."

## LEGAL STANDARDS

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

A federal prisoner bringing a § 2241 claim to challenge the execution of his sentence must first exhaust his administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). "As a prudential matter, courts require that habeas petitioner's exhaust all available judicial and administrative remedies before seeking relief under 28 U.S.C. § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). Exhaustion under § 2241 is not, however, a jurisdictional requisite. *Id.*

The exhaustion requirement may be waived when pursuit of administrative remedies would be futile. *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Exhaustion has been held to be futile when the request for relief was denied based on an official policy or when administrative remedies are inadequate or ineffective, irreparable injury would result, or when administrative proceedings would be void. *See, e.g., Ward*, 678 F.3d at 1045-46; *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981).

Respondent contends that Petitioner did not exhaust his administrative remedies because he has not completed the administrative appeal process. Plaintiff concedes he has such remedies remaining, but argues exhaustion should be waived because requiring him to pursue administrative remedies further would cause him irreparable harm and would be futile in light of the lack of reasoning in the initial denial of his request. Respondent counters that given the nature of the remedy sought (*i.e.*, early release from Petitioner's criminal sentence), the BOP should be permitted the opportunity to review the Warden's denial carefully, gather any additional information, and respond to an appeal through the administrative process. This Court agrees. Notwithstanding Petitioner's failure to exhaust, however, the Court addresses his claims on the merits in the interest of justice.

## II. Review of the BOP Decision

Other than as expressly permitted by statute or pursuant to Rule 35 of the Federal Rules of Criminal Procedure, a court generally may not modify a prison sentence once it has been imposed. *See* 18 U.S.C. § 3582(d); *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). An exception to the general rule appears in § 3582(c)(1)(A), which provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582 (c)(1)(A). The BOP implemented procedures for inmates to apply for compassionate release under § 3582. *See* 28 C.F.R. § 571.60, *et seq.*, BOP Program Statement 5050.49. An inmate must make an initial request to the Warden describing (1) the compelling or extraordinary circumstances the inmate believes warrant consideration, and (2) a proposed release plan, including how the inmate will support himself. 28 C.F.R. § 571.62. Program Statement 5050.49 provides that consideration of a request for a reduction in sentence under § 3582(c) "may be given to inmates who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen (18) months or less." Program Statement 5050.49, § 3(a).[1]

---

[1]The temporal factor is not definitive in determining whether to grant a request to the BOP to file a motion for reduction in

6 - OPINION AND ORDER -

As noted, Petitioner contends Respondent abused his discretion in denying Petitioner's request for compassionate release. Petitioner also argues Respondent failed to follow BOP rules and procedures and denied Petitioner's request without stating a valid reason or explanation for that denial.

The Ninth Circuit expressly held that the BOP's refusal to bring a motion for compassionate release under § 4205(g), the predecessor to § 3582(c)(1)(A), was not subject to judicial review. *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990). District courts in the circuit have extended *Simmons* to cases brought under § 3582(c)(1)(A). *See Lee v. Zuniga*, Case No. 1:15-cv-00297-LJO-MJS, 2017 WL 2628101, at *4 (E.D. Cal. June 19, 2017) (collecting cases). Other circuits have done the same. *See, e.g., Crowe v. United States*, 430 Fed. Appx. 484, 2011 WL 2836364 (6th Cir. July 18, 2011); *DeLuca v. Lariva*, 586 Fed. Appx 239, 241 (7th Cir. Dec. 3, 2014). Petitioner has not cited and this Court has not found any authority to the contrary.

In enacting § 3852(c)(1)(A), Congress granted the BOP the discretion to decide whether to bring a motion for compassionate

---

sentence. The BOP's consideration of a request based upon terminal illness also "should include assessment of the primary (terminal) disease, prognosis, impact of other serious medical conditions of the inmate, and degree of functional impairments (if any). Functional impairment (e.g., limitations on activities of daily living such as feeding and dressing onself) is not required for inmates diagnosed with terminal medical conditions; however, functional impairment may be a factor when considering the inmate's ability or inability to reoffend. *Id.*

7 - OPINION AND ORDER -

release. Therefore, without a motion from the BOP, this Court lacks jurisdiction to review the decision, and must dismiss the Petition.[2]

## IV. Separation of Powers

In his Reply to Government's Response to 2241 Petition, Petitioner argues for the first time that the BOP's denial of his request for compassionate release amounts to the refusal of the Executive Branch of the Government to enforce an act of Congress and usurps the judicial sentencing function in violation of separation of powers doctrines. Petitioner argues the BOP violated a Congressional mandate because it failed to file a motion for compassionate release, and, thereby, denied this Court the opportunity to rule on that motion.

Congress directed the United States Sentencing Commission to adopt a policy statement to guide a district court's discretion in

---

[2]To the extent Petitioner argues the Warden did not provide a sufficient statement of reasons to deny his request, the Court disagrees. The BOP Program Statement provides that when an inmate's request is denied the inmate will receive "written notice and a statement of reasons for the denial." Program Statement 5050.49, § 9; 28 C.F.R. 571.63. Here, the Warden informed Petitioner that "[a] thorough review of your request finds you have not provided adequate documentation to support consideration at this time." Moreover, in response to Petitioner's Request for Administrative Remedy, Respondent explained that "[a]ccording to [the operative Program Statement], you do not meet the criteria for Terminal or Debilitated Medical Conditions under 18 U.S.C. § 4205(g) or 3582(c)(1)(A), based on documentation received from the Clinical Director."

determining when "extraordinary and compelling reasons" exist to grant a reduction in sentence *once such a motion is filed*. *See* 28 U.S.C. § 994(t). Congress did not, however, require the BOP to file a motion under § 3582; nor did Congress require the BOP to follow a policy statement issued by the Sentencing Commission when deciding whether to file such a motion. *See* U.S.S.C. Supplement to Appendix C, Amendment 799, at 134 (effective Nov. 1, 2016) ("the amendment broadens certain eligibility criteria and *encourages* the Director of the Bureau of Prisons to file a motion for compassionate release when 'extraordinary and compelling reasons' exist") (emphasis supplied). Indeed, the Sentencing Commission has explicitly recognized that the policy "is not legally binding on the Bureau of Prisons and does not confer any rights on the defendant." *Id.* at 135; *see also Defeo v. Lapin*, Case No. 08 Civ. 7513, 2009 WL 1788056, at *5 (S.D.N.Y. June 22, 2009) (nothing in § 3582 or in the Sentencing Guidelines indicates that the definition of "extraordinary and compelling reasons" in the Guidelines is binding on the BOP).

As noted, this Court may only reduce a sentence under § 3582 if the BOP files a motion for compassionate release and the Court then has jurisdiction to consider the relevant factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Nothing in the text of the statute or the guidelines suggests that courts should decide in the first

9 - OPINION AND ORDER -

instance whether compassionate release is appropriate, and, therefore, a decision by the BOP not to file a motion under § 3582 does not violate the principles of separation of powers. *Stewart v. United States*, Case Nos. 13 Civ. 5279(JGK), 02 Cr. 0395(JGK), 2013 WL 4044756, at *6 (S.D.N.Y. Aug. 9, 2013).

## V. Eighth Amendment

Finally, in his Reply brief, Petitioner for the first time asks the Court for an order requiring the BOP to grant him a liver transplant in lieu of filing a motion for compassionate release. To the extent Petitioner claims the BOP has been negligent or deliberately indifferent in provided medical care, however, a habeas petition pursuant to 28 U.S.C. § 2241 is not the appropriate mechanism for seeking relief. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 or § 2254; challenges to conditions of confinement are brought pursuant to 42 U.S.C. § 1983, or pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the "federal analogue" to § 1983. *See Prieser v. Rodriguez*, 411 U.S. 475 500 (1973); *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006).

Petitioner's claim seeking particularized medical treatment does not challenge the "legality or duration" of his confinement, and must be brought as a claim under *Bivens*, after exhausting the required administrative remedies. *See* 42 U.S.C. 1997(e).

Accordingly, Petitioner's request for an order compelling the BOP to provide Petitioner a liver transplant is denied.

**CONCLUSION**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DISMISSES this action.

IT IS SO ORDERED.

DATED this 20th day of February, 2018.

_____
ANNA J. BROWN
United States Senior District Judge